FILED
U.S. DISTRICT COURT

20'0 DEC -2 P 12: 40

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

Civil Action No. 2:10-cv-00981-BCW

UNITED STATES OF AMERICA,

      and

The State of Utah,

          Plaintiffs,

         v.                              **CONSENT DECREE**

MUELLER INDUSTRIES, INC.,

          Defendant.

# TABLE OF CONTENTS

I.      BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.     JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.     DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

V.      STATEMENT OF PURPOSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

VI.     PAYMENT OF RESPONSE COSTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        Payment of United States' Response Costs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        Payment of State Response Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VII.    FAILURE TO COMPLY WITH CONSENT DECREE . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        Interest on Late Payments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        Stipulated Penalty. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VIII.   COVENANT NOT TO SUE BY PLAINTIFFS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
        Covenant Not to Sue by United States . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
        Covenant Not to Sue by the State . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IX.     RESERVATION OF RIGHTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        United States' Reservation of Rights . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        State's Reservation of Rights . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

X.      COVENANT NOT TO SUE BY SETTLING DEFENDANT . . . . . . . . . . . . . . . . . . . 12

XI.     EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION . . . . . . . . . . . . . . . . 14

XII.    CERTIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

XIII.   NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

XIV.    RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

XV.     INTEGRATION/APPENDICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

XVI.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . . . . . . . . . . . . 19

XVII.   SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

XVIII.  FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

# I. **BACKGROUND**

A.      The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of Utah, by and through the Utah Department of Environmental Quality ("UDEQ"), (the "State"), filed a joint complaint in this matter pursuant to Sections 107(a) and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9607 and 9613(g)(2), as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the Eureka Mills Superfund Site in the City of Eureka, Juab County, Utah ("the Site").

B.      The defendant entering into this Consent Decree (the "Settling Defendant") believes that it has defenses against all allegations posed by the Plaintiffs and does not admit any liability to Plaintiffs arising out of the transactions or occurrences alleged in the complaints.

C.      The United States and the State (the "Plaintiffs"), and the Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation among the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

**THEREFORE**, without any final adjudication of facts or law, and with the consent of the Parties to this Decree, it is **ORDERED, ADJUDGED, AND DECREED**:

## II. JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over the Settling Defendant. Settling Defendant consents to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.      This Consent Decree is binding upon the United States and the State, and upon Settling Defendant (as defined in Paragraph 3(n) below). Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of the Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3.      Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA, or in regulations promulgated under CERCLA, shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendices attached hereto, the following definitions shall apply:

a.      "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*;

b.      "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control;

c.  "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day;

d.  "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States;

e.  "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States;

f.  "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507;

g.  "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1st of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1st of each year;

h.  "Operation and Maintenance" shall mean all activities required to maintain the effectiveness of the Remedial Action;

i.  "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter;

j.  "Parties" shall mean the United States, the State of Utah, by and through UDEQ, and the Settling Defendant;

k.  "Plaintiffs" shall mean the United States and the State of Utah, by and through

4

UDEQ;

l.      "Property" shall mean those parcels outlined in red on the map and/or identified in the list of Mineral Survey claim numbers attached hereto as Appendix B.

m.     "Section" shall mean a portion of this Consent Decree identified by a Roman numeral

n.     "Settling Defendant" shall mean Mueller Industries, Inc. and its predecessors, successors, assigns, and subsidiaries (including Amwest Exploration Company);

o.     "Site" shall mean the Eureka Mills Superfund Site located in and around the City of Eureka, Juab County, Utah shown on the map in Appendix A attached hereto;

p.     "State" shall mean the State of Utah, by and through UDEQ;

q.     "State Response Costs" shall mean the costs incurred by the State in connection with the release and threatened release of hazardous substances into the environment at the Site including costs incurred or to be incurred by the State for Operation and Maintenance, but not including amounts reimbursed to the State by EPA;

r.     "UDEQ" or "Utah Department of Environmental Quality" shall mean the Utah Department of Environmental Quality and any successor departments or agencies of the State; and

s.     "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. <u>STATEMENT OF PURPOSE</u>

4.     By entering into this Consent Decree, the mutual objective of the Parties is for the Settling Defendant to make a cash payment, to address its alleged liability for the Site, as provided

in the Covenant Not to Sue by Plaintiffs in Section VIII, subject to the Reservations of Rights by United States in Section IX.

## VI. PAYMENT OF RESPONSE COSTS

5.    <u>Payment of United States' Response Costs</u>. Within thirty (30) days of receipt of the instructions for payment under Paragraph 6 below, Settling Defendant shall pay to the EPA $ 2,250,000.

6.    Payment by Settling Defendant to the United States shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing USAO File Number _____, EPA Region 8 and Site Spill ID Number 08-CF, and DOJ Case Number 90-11-3-07993/5. Payment shall be made in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Utah. Such instructions shall be provided within thirty (30) days after an order by the Court entering this Consent Decree. Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day.

7.    At the time of payment, Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XIII (Notices and Submissions) and to the Regional Financial Management Officer, United States Environmental Protection Agency, Region 8, 1595 Wynkoop Street, Denver, CO 80202-1129.

8.    The total amount to be paid pursuant to Paragraph 5 by the Settling Defendant to the United States shall be deposited in the Eureka Mills Site Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in

connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

9.     Payment of State Response Costs.  Within thirty (30) days of an order by the Court entering this Consent Decree, the Settling Defendant shall pay to the State $250,000 in reimbursement of State Response Costs, in the form of a certified check or checks or cashier's check or checks.  The check[s] shall be made payable to the Utah Department of Environmental Quality and shall reference United States, et al.  v Mueller Industries, Inc..  The total amount to be paid pursuant to Paragraph 9 by the Settling Defendant to the State shall be deposited in the Eureka Mills Site Special Account within the Utah Hazardous Substance Mitigation Fund to be retained and used to conduct or finance response actions including Operation and Maintenance costs at or in connection with the Site or if not needed at the Site then for State's portion of the cost of cleanups under authority of CERCLA in accordance with Section 19-6-307(4)(c)of the Utah Code Ann. Settling Defendant shall send the check[s] to:

Utah Department of Environmental Quality
Division of Environmental Response and Remediation
P.O. Box 144840
Salt Lake City, Utah 84114-4840

## VII. FAILURE TO COMPLY WITH CONSENT DECREE

10.     Interest on Late Payments.  If the Settling Defendant fails to make any payment under Paragraph 5 and/or Paragraph 9 by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

11.     Stipulated Penalty.

a.     If any amounts due under Paragraph 5 and/or Paragraph 9 are not paid by the required

due date, the Settling Defendant shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the Interest required by Paragraph 10, $1,000.00 per violation per day that such payment is late.

b. Stipulated penalties are due and payable within thirty (30) days of the date of any demand for payment of the penalties made by EPA and/or the State. Unless otherwise specified, stipulated penalties shall be paid in the following proportion: 90% to EPA; 10% to the State.

  i. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the check, shall reference the name and address of the party(ies) making payment, the Site name, EPA Region 8 and Site Spill ID Number #08-CF, and DOJ Case Number 90-11-3-07993/5 and shall be sent to:

> United States Environmental Protection Agency
> Fines & Penalties
> Cincinnati Finance Center
> PO Box 979078
> St. Louis, MO 63197 -9000

  ii. All payments to the State under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to:

Utah Department of Environmental Quality
Division of Environmental Response and Remediation
P.O. Box 144840
Salt Lake City, Utah 84114-4840

c.    At the time of each payment, the Settling Defendant shall send notice that payment has been made to EPA, DOJ and the State in accordance with Section XIII (Notices and Submissions) and to EPA's Regional Financial Management Officer.

d.    Penalties shall accrue as provided in this Paragraph regardless of whether EPA or the State has notified the Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All Interest on penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

12.    If the United States or the State brings an action to enforce this Consent Decree, the Settling Defendant shall reimburse the United States and/or the State for all costs of such action, including but not limited to costs of attorney time.

13.    Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiffs by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

14.    Notwithstanding any other provision of this Section, the United States and/or the State may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse

the Settling Defendant from payment as required by Section VI or from performance of any other requirements of this Consent Decree.

## VIII.  COVENANT NOT TO SUE BY PLAINTIFFS

15.    Covenant Not to Sue by United States.  Except as provided in Paragraph 17 of this Consent Decree (United States' Reservation of Rights), the United States covenants not to sue or to take administrative action against the Settling Defendant pursuant to Section107(a) of CERCLA, 42 U.S.C. § 9607, for response actions taken or to be taken and response costs incurred or to be incurred at or in connection with the Site by the United States where such actions or costs arise from or are caused by past or future releases of hazardous substances from the Property or the Site. With respect to present and future liability, this covenant not to sue shall take effect upon receipt by EPA of all payments required by Section VI (Payment of Response Costs) and any amount due under Section VII (Failure to Comply with Consent Decree).  This covenant not to sue is conditioned upon the satisfactory performance by the Settling Defendant of its obligations under this Consent Decree. This covenant not to sue extends only to the Settling Defendant and does not extend to any other person.

16.    Covenant Not to Sue by the State.  Except as specifically provided in Paragraph 18 of this Consent Decree (State's Reservation of Rights), the State covenants not to sue the Settling Defendant pursuant to Section107(a) of CERCLA, 42 U.S.C. § 9607, for response actions taken or to be taken and response costs incurred or to be incurred at or in connection with the Site by the State where such actions or costs arise from or are caused by past or future releases of hazardous substances from the Property or the Site. With respect to present and future liability, this covenant

not to sue shall take effect upon receipt by UDEQ of all payments required by Section VI (Payment

of Response Costs) and any amount due under Section VII (Failure to Comply with Consent Decree).

This covenant not to sue is conditioned upon the satisfactory performance by the Settling Defendant

of its obligations under this Consent Decree. This covenant not to sue extends only to the Settling

Defendant and does not extend to any other person.

## IX. RESERVATION OF RIGHTS

17.    United States' Reservation of Rights. The United States reserves, and this Consent

Decree is without prejudice to, all rights against the Settling Defendant with respect to all matters

not included within the Covenant Not to Sue by the United States in Paragraph 15. Notwithstanding

any other provision of this Consent Decree, the United States reserves all rights against the Settling

Defendant with respect to:

a.    liability for failure of the Settling Defendant to meet a requirement of this Consent

Decree;

b.    criminal liability;

c.    liability for damages for injury to, destruction of, or loss of natural resources, and for

the costs of any natural resource damage assessments;

d.    liability based upon Defendant's transportation, treatment, storage, or disposal of

hazardous substances at or in connection with the Site or the Property after signature

of this Consent Decree; and

e.    liability arising from the past, present, or future disposal, release or threat of release

of a hazardous substance, pollutant, or contaminant outside of the Site except as

11

otherwise specifically provided in Paragraphs 15 and 16, supra.

18. State's Reservation of Rights. The State reserves, and this Consent Decree is without prejudice to, all rights against the Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by the State in Paragraph 16. Notwithstanding any other provision of this Consent Decree, the State reserves all rights against the Settling Defendant with respect to:

a. liability for failure of the Settling Defendant to meet a requirement of this Consent Decree;

b. criminal liability;

c. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

d. liability based upon Defendant's transportation, treatment, storage, or disposal of hazardous substances at or in connection with the Site or the Property after signature of this Consent Decree; and

e. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site except as otherwise specifically provided in Paragraphs 15 and 16, supra.

## X. COVENANT NOT TO SUE BY SETTLING DEFENDANT

19. The Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States or the State, or their contractors or employees, with respect to the Site or this Consent Decree, including but not limited to:

a.      any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.      any claim arising out of response actions at or in connection with Site, or any claim arising out of past response actions at or in connection with the Property, including any claim under the United States Constitution, the State Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law;

c.      any claim against the United States or the State arising out of past response actions at or in connection with the Site, or arising out of past response actions at or in connection with the Property, relating to U.S. v. Sharon Steel Corp., et. al., C.A. Nos. 86-C-924J, 89-C-136J (D. Utah) or In re: Sharon Steel Corp. (debtor), C.A. Nos. 87-00207-E and 90-1039E (U.S. Bank R. Ct., W.D. Penn.); or

d.      any claim against the United States or the State pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

20.     The Settling Defendant's covenants not to sue in Paragraph 19 shall not apply in the event the United States or the State brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 17 (a) - (d) and 18 (a) - (d), and the Settling Defendant's claims or defenses arise from or in connection with the same response action or response costs that the United States and/or the State of Utah is seeking to enforce pursuant to the applicable reservation.

21.     Nothing in this Consent Decree shall be deemed to constitute approval or

preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

22.    The Settling Defendant agrees not to assert any CERCLA claims or causes of action that they may have for all matters relating to the Site, or arising out of past response actions at or in connection with the Property, including for contribution, against any other person.

## XI. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

23.    Except as provided in Paragraph 22, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law. Except as provided in Paragraph 22, the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

24.    The Parties agree, and by entering this Consent Decree this Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that the Settling Defendant is entitled, as of the date of entry to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in this Consent Decree.

25.    Solely for purposes of resolving this case, and without admission of law or fact

for any other purpose, the Parties are agreed that Mueller's predecessor, Sharon Steel Corp., was an interim owner of 8.8% of the land area within the Site boundaries from at least November 5, 1981, until December 28, 1990, and that Muller's subsidiary Amwest Exploration Company was an interim owner of the same land from December 28, 1990, until September 10, 1993 and that disposal of hazardous substances, within the meaning of 42 U.S.C. §9607(a)(2), may have occurred on the Property during that period. Based on these agreed facts, and to avoid the costs and risks of litigation, the Parties have mutually agreed to a payment of $2,500,000 to resolve the "matters addressed" in this Consent Decree.

26.    The "matters addressed" by this Consent Decree are response actions taken or to be taken and response costs incurred or to be incurred at or in connection with the Site by the United States, the State, or any other person which arise from or are caused by past or future releases from the Property or the Site. The "matters addressed" in this Consent Decree do not include those response costs or response actions for which the United States and/or the State have reserved their rights under this Consent Decree (except for claims for failure to comply with this Consent Decree), in the event that the United States and/or the State assert rights against the Settling Defendant that are within the scope of such reservations.

27.    The Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters addressed by this Consent Decree, it will notify EPA and DOJ and the State in writing, no later than sixty (60) days prior to the initiation of such suit or claim. The Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ and the State in writing within

15

ten (10) days of service of the complaint or claim upon it. In addition, the Settling Defendant shall notify EPA and DOJ and the State within ten (10) days of service or receipt of any Motion for Summary Judgment, and within ten (10) days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

28.     In any subsequent administrative or judicial proceeding initiated by the United States or the State for injunctive relief, recovery of response costs, or other relief relating to the Site, the Settling Defendant, United States or State shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the Settling Defendant, United States, or the State in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiffs set forth in Section VIII or Plaintiffs' reservation of rights set forth in Paragraphs 17 and 18, above.

## XII. CERTIFICATION

29.     The Settling Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has: (a) not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site; and (b) that it has conducted a reasonable search and complied in good faith with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e).

# XIII.  NOTICES AND SUBMISSIONS

30.     Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, the State, and the Settling Defendant, respectively.

As to the United States:

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-3- 7993/5
P.O. Box 7611
Washington, D.C.  20044-7611

As to EPA

Mike Rudy
Technical Enforcement Program
United States Environmental Protection Agency, Region 8
1595 Wynkoop Street
Denver, CO 80202-1129.

Regional Financial Management Officer
United States Environmental Protection Agency, Region 8
1595 Wynkoop Street
Denver, CO 80202-1129.

As to the State:

Michael Storck,
State Project Manager Eureka Mills Superfund Site

Utah Department of Environmental Quality (DERR)
P.O. Box 144840
Salt Lake City, Utah 84114-4840

and

Sandra K. Allen
Assistant Attorney General
Utah Department of Environmental Quality (DERR)
P.O. Box 144840
Salt Lake City, Utah 84114-4840

As to Settling Defendant:

Gary Wilkerson
Vice President, General Counsel and Secretary
Mueller Industries, Inc.
8285 Tournament Drive, Suite 150
Memphis, TN 38125

and

E. Donald Elliott
Willkie Farr & Gallagher LLP
1875 K Street, NW
Washington, DC 20006

## XIV.  RETENTION OF JURISDICTION

31.    This Court shall retain jurisdiction over this matter for the purpose of interpreting and

enforcing the terms of this Consent Decree.

## XV.  INTEGRATION/APPENDICES

32.    This Consent Decree and its appendices constitute the final, complete and exclusive

agreement and understanding among the Parties with respect to the settlement embodied in this

Consent Decree.  The Parties acknowledge that there are no representations, agreements or

understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices, Appendix A - Site Map, and Appendix B - Property Map and Claims Listing are attached to and incorporated into this Consent Decree.

## XVI. **LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

33.     This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment. The United States and/or the State reserves their right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. The Settling Defendant consents to the entry of this Consent Decree without further notice.

34.     If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVII. **SIGNATORIES/SERVICE**

35.     Each undersigned representative of Plaintiffs and the Settling Defendant to this Consent Decree, certify that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

36.     The Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified the Settling Defendant in writing that it no longer supports entry of the Consent Decree.

37.     The Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party

with respect to all matters arising under or relating to this Consent Decree. The Settling Defendant hereby agrees to accept service of the Complaint and any other pleading in this matter in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that the Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVIII. **FINAL JUDGMENT**

38.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

**SO ORDERED THIS** 1st **DAY OF** December 2010.

_Clark Waddoups_

United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States et</u> <u>al. v. Mueller Industries, Inc.</u> relating to the Eureka Mills Superfund Site.

### FOR THE UNITED STATES OF AMERICA

IGNACIA S. MORENO
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
Office of the Assistant Attorney General
950 Pennsylvania Avenue, N.W.
Room 2143
Washington, D.C. 20530

JOHN N. MOSCATO
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
Telephone: (303) 844-1380
Facsimile: (303) 844-1350
Email: John.Moscato@usdoj.gov

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States et al. v. Mueller Industries, Inc.</u> relating to the Eureka Mills Superfund Site.

**FOR THE ENVIRONMENTAL PROTECTION AGENCY**

Matthew Cohn
Supervisory Attorney
Legal Enforcement Program, 8ENF-L
U.S. Environmental Protection Agency
1595 Wynkoop Street
Denver, Colorado 80202 - 1129

Kelcey Land
Acting Director
Technical Enforcement Program, 8ENF-RC
U.S. Environmental Protection Agency
1595 Wynkoop Street
Denver, Colorado 80202 - 1129

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States et al. v. Mueller Industries, Inc.</u> relating to the Eureka Mills Superfund Site.

**THE STATE OF UTAH BY AND THROUGH THE UTAH DEPARTMENT OF ENVIRONMENTAL QUALITY:**

Amanda Smith
Executive Director
Utah Department of Environmental Quality
P.O. Box 144810
Salt Lake City, Utah  84114-4810

Approved as to form:

Sandra K. Allen
Assistant Attorney General
Utah Department of Environmental Quality (DERR)
P.O. Box 144840
Salt Lake City, Utah  84114-4840

23

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States et al. v. Mueller Industries, Inc.</u> relating to the Eureka Mills Superfund Site.

**FOR DEFENDANT MUELLER INDUSTRIES, INC.**

Date: 7/30/2010

Gary Wilkerson, Vice President, General Counsel and Secretary
Mueller Industries, Inc.
8285 Tournament Drive, Suite 150
Memphis, TN 38125
(901) 759-7457
gwilkerson@muellerindustries.com

E. Donald Elliott, Attorney for Mueller Industries Inc.
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1120
delliott@willkie.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

THE CORPORATION TRUST COMPANY
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801
(302) 658-7581



Eureka Mills NPL Site, Eureka, UT
Site Boundary

Appendix A

Legend
☐ Site Boundary

Scale

1000    0    1000 Feet

N

Eureka Mills NPL Site

Legend

Site Boundary

Parcels Within Study Area

Decisional Unit

Surface Lines